439 N.W.2d 188 (1989)
AMERICAN TRUST & SAVINGS BANK, Dubuque, Iowa, Plaintiff,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Plaintiff,
v.
O'CONNOR BROOKS & COMPANY, a Partnership, Glen L. Hardin, William H. Leglar, James R. Estling, Donald H. Melby, Steven J. Domeyer, Jeffrey L. Gonner, Ralph Brooks, James K. Kircher, John P. Merges, Jr., and Roger V. Mandersheid, Third-Party Defendants.
O'CONNOR, BROOKS, & COMPANY, a Partnership, Appellant,
v.
F. Collier ALTMAN, Christy F. Armstrong, Frank H. Bertsch, Douglas H. Buswell, Davis B. Cassat, Paul D. Dale, D.W. Ernst, Paul J. Frommelt, Cyril P. Frommelt, Robert J. Gerstenberger, Courtland Hillyard, Robert G. Holscher, Arnold N. Honkamp, David P. Hopley, Herbert L. Hughes, Leo F. Kane, M.L. Kapp, W.J. Klauer, J. Bruce McDonald, John M. McDonald, William D. McGeehan, Leo J. Meier, Robert E. Molo, Louis H. Pfohl, Charles J. Schrup, Jr., Nicholas J. Schrup, Robert W. Steele, Charles E. Stoltz, Leo A. Theisen, Robert C. Wahlert, Cyril Wissel, and Fred J. Pape, Appellees.
No. 88-933.
Supreme Court of Iowa.
April 19, 1989.
Carol A.H. Freeman of Lane & Waterman, Davenport, for appellant.
Francis J. O'Connor, Brendan T. Quann and Stephen C. Krumpe of O'Connor & Thomas, P.C., Dubuque, for appellees.
Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and ANDREASEN, JJ.
SCHULTZ, Justice.
This appeal arose out of a third-party action filed by an accounting firm which was originally sued by a bank and its bonding company for negligence in failing to discover an embezzlement. The accounting *189 firm sought indemnity or contribution from the bank's current and past members of the board of directors, claiming a breach of their duty of ordinary care owed the bank. In response to the directors' motion, the district court dismissed the third-party action against the directors.
An officer of the American Trust and Savings Bank of Dubuque embezzled a substantial sum from the bank over a number of years. After a dispute arose regarding the amount due, the bank sued its bonding company, United States Fidelity and Guaranty Co. (USF & G). See American Trust & Sav. Bank v. United States Fidelity and Guar. Co., 418 N.W.2d 853 (Iowa 1988). USF & G filed a third-party claim against O'Connor, Brooks & Company (O'Connor), a partnership of certified public accountants that had conducted annual examinations of the bank. USF & G claimed the bank's losses were caused by the accounting firm's failure to properly conduct the examinations. The bank then filed a similar direct claim against the accounting firm. O'Connor responded by filing a third-party claim against the current and former directors of the bank for failing to exercise the degree of care required of a bank director. They seek indemnity or in the alternative, contribution.
The directors moved to dismiss the third-party action against them, asserting O'Connor had no claim for contribution, their duties to the bank had been discharged, and the claim was contrary to public policy. The district court accordingly dismissed the third-party action. O'Connor appeals.
O'Connor urges that its petition should not have been dismissed because it stated a cause of action. It asserts that if it is liable at all, it is a common liability with the directors. O'Connor claims a right to contribution, as defined in Iowa Code section 668.5 (1987), or indemnity.
A motion to dismiss the pleadings will be sustained only when there is no conceivable state of facts under which a plaintiff might demonstrate a right to relief. Golden v. O'Neill, 366 N.W.2d 178, 179 (Iowa 1985). If any ground asserted in the motion is proper, a ruling will be affirmed, even though the trial court relied upon an impaired reason. Berger v. General United Group, Inc., 268 N.W.2d 630, 634 (Iowa 1978).
I. Contribution. In its third-party action, plaintiff seeks contribution from the directors. Initially, we turn to principles of our statutory right to contribution.
The right to equitable contribution exists between two or more persons who are liable on the same indivisible claim. Iowa Code § 668.5(1) (1987). Common liability must be established as a condition of contribution. Telegraph Herald, Inc. v. McDowell, 397 N.W.2d 518, 520 (Iowa 1986). Under this motion to dismiss, we shall assume that the accounting firm and directors have common liability to the bank.
The basis for contribution is that each person should pay one's own equitable share of the obligation. § 668.5(1). The amount of contribution is limited, however, when the percentage of fault is established. Contribution may only be recovered for the amount paid in excess of the party's proportionate share of the damages. Iowa Code § 668.6(1). Stated otherwise, if the parties seeking contribution have not paid more than their percentage share of the damages, the action must fail.
Applying these principles to the pleadings, we first address the directors' contention that any of the directors' fault would constitute the bank's act and, accordingly, reduce its recovery from the accountants by that percentage. O'Connor alleges the directors breached their duty of care in the management of the bank's affairs. A bank acts through the collective action of its governing body, its board of directors. The relationship between the bank and its directors is that of principal and agent. 10 Am.Jur.2d Banks § 179, at 165 (1963). It is elementary that the bank, as principal, would be responsible for its directors' negligence. In its answer to the claims made against them, O'Connor alleged fault on the part of the bank as an affirmative defense and asked that this fault be compared. Consequently, proof that the directors were at fault for the loss would *190 reduce any recovery the bank might make against O'Connor.
When the trial court enters judgment, the damages against O'Connor will not exceed what its own fault caused. Any fault of the directors will reduce O'Connor's liability to the bank under the principles of comparative fault. Consequently, O'Connor's claim cannot be for any liability in excess of its own equitable share. The district court correctly dismissed its action.
In making this ruling, we note that O'Connor made no allegations that the directors acted in bad faith toward the accountants, rendered knowing assistance to the embezzling officer, or participated in his embezzlements. The allegation was solely a breach of duty of ordinary care to the bank.
II. Indemnity. Although O'Connor asked for indemnity in its third-party claim and in its brief on appeal, it primarily urges the contribution claim. The doctrine of indemnity is not available under the state of the pleadings.
We have recognized four grounds for indemnity: 1) express contracts; 2) vicarious liability; 3) breach of independent duty of the indemnitor to the indemnitee; and 4) secondary as opposed to primary liability. Sweeney v. Pease, 294 N.W.2d 819, 821 (Iowa 1980). The first three grounds are inapplicable. We address only the fourth ground, commonly known as active-passive negligence.
Since the adoption of comparative fault, we have not decided whether the active-passive negligence form of indemnity should be maintained. One author indicates the clear trend in this area is to replace indemnity with comparative fault principles or contribution. J. Palmer and S. Flanagan, Comparative Negligence Manual § 4A.190, at 25 (1988); see, e.g., American Motorcycle Ass'n v. Superior Court, 20 Cal.3d 578, 598, 578 P.2d 899, 912, 146 Cal.Rptr. 182, 195 (1978); Kennedy v. City of Sawyer, 228 Kan. 439, 452-53, 618 P.2d 788, 798 (1980). Although we have commented on this trend, we have not passed on it. Automobile Underwriters Corp. v. Harrelson, 409 N.W.2d 688, 692 (Iowa 1987); Howell v. River Products, 379 N.W. 2d 919, 922 (Iowa 1986); Reese v. Dallas County, 372 N.W.2d 503, 506 (Iowa 1985).
We now hold that the doctrine of indemnity based upon active-passive negligence does not fit within our statutory network of comparative fault. Under the principles of comparative fault, liability should be assessed and apportioned according to fault, each party bearing one's own share of the loss. Indemnity, on the other hand, shifts the entire loss of the passively-negligent party to the actively-negligent party. Additionally, it is difficult to decide what constitutes active negligence versus passive negligence. Our comparative fault principles more accurately apportion the loss to the responsible party. For these reasons, we now abandon indemnity based on active-passive negligence.
The trial court properly dismissed O'Connor's claim against the directors for indemnity or contribution.
AFFIRMED.