**IBP, INC., A Delaware Corporation, Plaintiff–Appellant,**

v.

**DCS SANITATION MANAGEMENT SERVICES, INC., A Corporation, Defendant–Appellee,**

and

**Fireman's Fund Insurance Company, A Corporation, Defendant.**

No. 92–71.

Court of Appeals of Iowa.

Feb. 2, 1993.

David F. McCann of Dippel & McCann, Council Bluffs, for plaintiff-appellant.

Bill Hughes of Stuart, Tinley, Peters, Thorn, French & Hughes, Council Bluffs, for defendant-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiff-appellant IBP, Inc. appeals the trial court order on summary judgment dismissing its action for indemnity and breach of contract against defendant-appellee DCS Sanitation Management Services, Inc. and their insurer, defendant-appellee Fireman's Fund Insurance Company. We reverse and remand for proceedings consistent with this opinion.

IBP and defendant DCS Sanitation made a written agreement for DCS to provide cleaning and sanitation services for IBP. The written agreement provided DCS would indemnify, hold harmless and defend IBP against all claims for personal or bodily injury and property damage caused by DCS.

In June 1989, an employee of DCS, Donald Grimm, was injured when cleaning machinery at IBP. The employee sued IBP and a jury found IBP seventy percent at fault and Grimm, the injured employee, thirty percent at fault and fixed Grimm's damages at $100,000. IBP paid the judgment and brought this suit against DCS and Fireman's Fund Insurance Company, their insurer, for indemnity, breach of contract, and bad faith. Defendant filed a motion for summary judgment contending the holding of Grimm's action against IBP was that IBP was negligent and IBP paid the damages because of its negligence, therefore, recovery should be denied IBP because IBP is asking DCS to indemnify IBP for its own negligence. The trial court sustained DCS's motion for summary judgment and this appeal follows.

IBP contends summary judgment was not proper because a fact issue exists concerning DCS's negligence and the indemnity issue should not have been dismissed as a matter of law. We agree. We reverse and remand.

Summary judgment is appropriate "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); see Farm Bureau Mut. Ins. Co. v. Milne, 424 N.W.2d 422 (Iowa 1988).

IBP first contends the trial court in ruling on the motion for summary judgment should not have recognized the ruling in Grimm's lawsuit against IBP. IBP's contention appears to be that the proper foundation was not made for introduction of the results of this case in the record. IBP sued DCS because it alleged it was required to pay the employee, Grimm, damages in his lawsuit. The trial court did not err in considering the verdict in ruling on the motion for summary judgment. However, the pivotal question is whether the finding of negligence in Grimm's lawsuit against IBP precluded the litigation of DCS's liability to IBP.

IBP contends the ruling in Grimm's lawsuit does not preclude the litigation of DCS's liability to IBP and the trial court erred in finding as a matter of law there

was no indemnity on the basis of the express contract between IBP and DCS.

The contract between IBP and DCS contained the following provisions:

4.01 Contractor shall indemnify, hold harmless, and defend IBP ... against all claims and actions, costs of defense (including reasonable attorney fees) arising out of any loss, personal or bodily injury, death and/or damages suffered any person or done to IBP property and proximately caused by contractor, its employees or agents under this agreement provided, *however, that contractor's obligation to so indemnify and save IBP harmless shall not extend to claims, demands, damages, judgments, suits and actions resulting or likely resulting from any negligent act or omission of IBP....* (emphasis supplied).

DCS contends this language does not obligate DCS to indemnify IBP in this case because IBP's liability was the result of its own omission or negligence.

IBP contends this language, when construed within the context of the contract, is that events may occur that will result in imposition of liability on IBP for injuries and, in such an event, DCS agrees to indemnify, except for cases resulting from any negligent act or omission of IBP. IBP argues if this portion of the contract is construed to include liability based on a mere failure to discover a potential hazard of forms of technical liability such as breach of a nondelegable duty or liability based solely on ownership, the indemnity agreement of the contract is without meaning. IBP argues if there is to be a recovery in the first place by a third party against IBP, there would have to be some fault imposed on IBP.

IBP also contends the trial court erred in holding no fact issues exist with respect to IBP's right to indemnify based on DCS's duty to perform work safely.

IBP contends DCS has an independent duty to IBP to perform its work safely. A section of the contract between the two imposes on DCS a series of requirements, including to operate in a safe and prudent manner and to have safety standards.

Grimm sought to recover against IBP on its (1) failure to keep the machine in proper repair, (2) failure to warn of the danger of metal protruding from the machine, and (3) failure to inspect the machine to determine it was safe.

Grimm was injured while in DCS's employ and acting under its control and direction. Consequently, Grimm's claim against DCS was a workers' compensation claim and under Iowa Code section 85.20, Grimm was prohibited from bringing a common law action for negligence against DCS. Therefore, the presence or absence of negligence on DCS's part toward Grimm has never been litigated.

The trial court in granting summary judgment reasoned that because the contractual provision for indemnity between IBP and DCS did not cover any damages resulting from IBP's negligence or omissions, DCS had no contractual responsibility to indemnify nor was there a basis for a claim based on implied indemnity.

Precedents are of little value in this case. These issues had earlier been resolved on theories of primary/secondary or active/passive negligence. *See McCarthy v. J.P. Cullen & Son Corp.*, 199 N.W.2d 362, 371–73 (Iowa 1972). However, the active/passive negligence doctrine was abolished as a separate basis for indemnity because its reason did not fit within the comparative fault principles. *See American Trust & Sav. Bank v. United States Fidelity & Guar. Co.*, 439 N.W.2d 188, 190 (Iowa 1989).

In *American*, the court said, "Under comparative fault, liability should be assessed and apportioned according to fault, each party bearing one's own share of the loss." *American*, 439 N.W.2d at 190.

There is evidence Grimm was cleaning the machine while it was running, IBP did not design or modify the machine, there was no information concerning any prior injuries similar to Grimm's, IBP did not have anything to do with cleaning, nor did it specify how machines were to be cleaned, nor did it supervise the operation, nor did it designate the cleaning equipment to be

used, DCS had agreed to follow specific procedures while machinery was cleaned and failed to do so, and the machine was running when cleaned in violation of safety procedures and with consent of DCS's supervisory personnel.

Clearly, there is evidence that would support a finding DCS was negligent and negligence caused and/or contributed to Grimm's injury. There also is evidence to support a finding DCS did not comply with safety procedures which it had agreed to follow under its contract with IBP, and this failure caused and/or contributed to Grimm's injury.

The issue of whether the negligence that formed the basis of IBP's duty to Grimm was in fact DCS's negligence for which IBP was held responsible or whether IBP's negligence was the result of DCS's failure to comply with the safety conditions of the contract has not been litigated. IBP should have the opportunity to litigate these issues on which there is a factual dispute. A fact issue is generated if reasonable minds can differ on how the issue should be resolved. See Thorp Credit, Inc. v. Gott, 387 N.W.2d 342, 343 (Iowa 1986).

DCS argued such a holding would run afoul to the spirit of the workers' compensation legislation. There is merit to this position.

IBP and DCS do not have the same indivisible liability to Grimm. DCS is insulated by workers' compensation from a negligent action by Grimm. However, not allowing IBP the opportunity to litigate the negligence could well result in DCS being made whole for workers' compensation paid on an injury caused by its negligence. That is because DCS has a right under Iowa Code section 85.22[1] to be subrogated against compensation paid Grimm by IBP.

Therefore, before Grimm receives money on his judgment against IBP, the workers' compensation paid Grimm by DCS would be paid from Grimm's recovery to DCS. Which, in essence, is allowing DCS to be indemnified on its claim against IBP when the issue of the respective negligence of the two has not been litigated.

If there is incompatibility between section 85.20 and section 85.22, the incompatibility is better resolved by not allowing an employer to escape any financial responsibility for negligently injuring an employee.

The question of whether the negligence was DCS's negligence has not been litigated, nor has the issue of DCS's promise to IBP to comply with safety standards been litigated. We reverse the summary judgment.

IBP's next claim is the trial court erred in dismissing IBP's claim that DCS breached the provision of the contract providing it obtain liability insurance. That applicable contract provision, in pertinent part, provides:

At its own cost, contractor shall maintain insurance with a reputable insurance company covering property damage and personal injury or bodily injury in amounts of not less than $3,000,000 for injury or death in one occurrence and $1,000,000 for property damage in one or more occurrence. The insurance policy shall name IBP as additional insured and shall be construed as primary insurance as to any liability which may be asserted against IBP arising out of contractor's negligence, including specifically any claims asserted by contractor's employees against IBP not resulting from IBP's negligence. Such policy shall also provide contractual liability coverage to contractor for liability assumed by contractor under paragraph 4.01 hereof....

---

1. Iowa Code section 85.22, in pertinent part, provides:

When an employee receives an injury ... for which compensation is payable under this chapter, ... and which injury ... is caused under circumstances creating a legal liability against some person, other than the employee's employer[,] ... to pay damages, the employee ... may ... maintain an action against such third party for damages. When an injured employee ... brings an action against such third party, ... the following rights and duties shall ensue:

2. In case the employee fails to bring such action ... then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might....

The trial court apparently concluded the jury in Grimm's lawsuit against IBP allocated negligence only between Grimm and IBP and allocated no negligence to DCS, therefore, no basis existed for any recovery against DCS by IBP for failure to secure insurance, because in Grimm's lawsuit against IBP there was no finding of any negligence on the part of DCS. We have determined the negligence of DCS has not been litigated. We reverse the judgment in favor of Fireman's Fund Insurance Company and remand.

**REVERSED AND REMANDED.**