# IN THE SUPREME COURT OF IOWA

No. 07–0535

Filed September 11, 2009

HILLS BANK & TRUST COMPANY,
Hills, Iowa**, DAVID E. MOORE,** and
JOHN MOORE,

 Appellees,

vs.

CYNTHIA J. CONVERSE,

 Appellant.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.


A secondary obligor of a debt seeks further review of a court of appeals decision affirming the district court decision granting summary judgment by holding the secondary obligor does not have a right of reimbursement or contribution against a principal obligor and cosurety. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**


Gregg Geerdes, Iowa City, for appellant.


Matthew L. Preston of Brady & O'Shea, P.C., Cedar Rapids, for appellees David and John Moore.

H. Raymond Terpstra, II & Gregory J. Epping of Terpstra, Epping & Willett, Cedar Rapids, for appellee Hills Bank & Trust Company.

**WIGGINS, Justice.**

In this case, we must determine whether a bank can enforce a guaranty against a guarantor (secondary obligor). We must also decide that, if the bank can enforce a guaranty against the secondary obligor, whether the secondary obligor has a right of reimbursement against the borrower (principal obligor) and a right of contribution against a coguarantor (cosurety). All parties filed summary judgment motions to determine the rights and liabilities of each party. The district court found no genuine issues of material fact existed and enforced the bank's obligation against the secondary obligor. The district court further determined that the secondary obligor did not have the right of reimbursement or contribution against the principal obligor or cosurety.

The secondary obligor appealed. We transferred the case to our court of appeals. The court of appeals found genuine issues of material fact existed as to whether the bank could enforce the guaranty against the secondary obligor and remanded the case for further proceedings on that issue. The court of appeals affirmed the district court's holding that the secondary obligor did not have the right of reimbursement or contribution against the principal obligor or cosurety. The secondary obligor sought further review of the court of appeals' decision, which we granted.

On further review, we adopt the court of appeals' determination that genuine issues of material fact exists as to whether the bank could enforce the guaranty against the secondary obligor. We do not agree, however, with the court of appeals' decision regarding the secondary obligor's right of reimbursement or contribution against the principal obligor or cosurety. On the contrary, we find genuine issues of material fact exist as to these issues. Accordingly, we affirm in part and vacate in

part the decision of the court of appeals. Furthermore, we reverse the judgment of the district court and remand this case to the district court for further proceedings.

## I. Background Facts and Proceedings.

Viewing the record in the light most favorable to the nonmoving party, Cynthia Converse, we find the following facts. On November 14, 1996, Daverse, Inc., Lew Converse, and David E. Moore signed a $30,000 promissory note payable to Hills Bank and Trust Company. The face of the note contained a customer number of 5080338–05 and a loan number of 29:151:16. This loan had a maturity date of May 15, 1997. Cynthia was present when Daverse, Lew Converse, and David E. Moore signed the note. At the same time, Cynthia signed a document entitled Continuing Guaranty (Limited). Cynthia guaranteed loan number 29:151:16 for customer number 5080338–05, the note executed by Daverse, Lew Converse, and David E. Moore. The guaranty limited Cynthia's liability to $30,000.

At the time of signing this guaranty, Cynthia questioned the term "continuing" as contained in the title of the document. Steve Gordon, a senior bank officer, assured her that the guaranty she signed was only for this one note. He also told her the bank could not "double dip" and she and John Moore, a coguarantor, would not be responsible for more than $15,000 each. Although the bank gave her these assurances, the guaranty stated:

> Guarantor's Obligations are absolute and continuing and shall not be affected or impaired if Lender amends, renews, extends, compromises, exchanges, fails to exercise, impairs or releases any of the indebtedness owed by any Borrower, Co-guarantor or third party or any of Lender's rights against any Borrower, Co-guarantor, third party, or collateral.

On June 5, 1997, Hills Bank marked the November 14, 1996, note as paid and sent a copy to Cynthia. On the same day, Daverse, Lew Converse, and David E. Moore signed a fixed rate revolving or draw note from Hills Bank. The principal on this note was $50,000 with a maturity date of June 5, 1998. The customer number was 5080338–06 and the loan number was 29:151:16. The note had a box checked on it indicating that another document constituted security for this note and identified Cynthia's continuing guaranty of November 14, 1996, as one of those documents.

In December 1999 Cynthia called the bank to inquire about her obligation under the guaranty because she and Lew were contemplating filing a divorce. She talked to Gordon who assured her the note had been paid off a long time ago, that her guaranty was complete, and she was no longer liable for the debt.

On February 7, 2002, Hills Bank prepared a letter regarding a refinancing proposal for Daverse, Lew Converse, and David E. Moore's debt. The letter indicated that another lending institution would be providing funds to Daverse, Lew Converse, and David E. Moore. The letter acknowledged that even with these additional funds, Daverse, Lew Converse, and David E. Moore would still owe approximately $45,000 to Hills Bank on the June 5, 1997, loan. The letter identified the June 5, 1997, loan number as 5080338–06. The letter identified David E. Moore, John Moore, and Cynthia as guarantors. To proceed with the refinancing, Hills Bank required the Moores and Cynthia to sign this letter. At the time Cynthia signed this letter, Bradley Marcus, a Hills Bank officer, told her she was signing a financing proposal and consent to mortgage transfer, not a note or a guaranty. She did sign the letter. Her signature line identified her as a mortgagor and limited guarantor to

the extent of $30,000 on note number 5080338–06. David E. Moore's signature line identified him as guarantor and mortgagor. John Moore's signature line identified him as a limited guarantor to the extent of $30,000 on note number 5080338–06.

On February 7, 2002, the bank wrote a new promissory note. This note lowered the interest rate and extended the maturity date to February 15, 2004. The note identified the loan the bank was making as loan number 5080338–06. Daverse, Lew Converse, and David E. Moore signed the note as borrowers.

As of February 13, 2006, the principal due on the June 5, 1997, note was $48,869.26 with interest equaling $13,202.52 for a sum of $62,071.78. Hills Bank filed a petition against Cynthia on March 16, 2006, alleging that she guaranteed $30,000 on loan number 5080338–06. The bank requested a judgment against her for the $30,000 guaranty, accrued interest, attorney fees, and costs.

Cynthia answered the petition, claiming a variety of affirmative defenses. She also filed a counterclaim against the bank stating the bank had liquidated collateral that belonged to Daverse in an unreasonable manner that caused her financial loss and then failed to apply the proceeds of the collateral to the debt for which Cynthia was allegedly liable. She also alleged in her counterclaim that the bank misrepresented the purpose of the February 7, 2002, letter that Cynthia had signed.

In addition to filing a counterclaim against the bank, she filed a cross-claim against David E. Moore and John Moore for contribution or reimbursement. Cynthia claimed the Moores were responsible individually for the note. Hills Bank asked for a dismissal of the counterclaim and denied the allegations.

A few days after Cynthia filed her answer, counterclaim, and cross-claim, Hills Bank, David E. Moore, and John Moore signed a release of the Moores' liability. This release stated that Hills Bank "does release, acquit and forever discharge David E. Moore and John E. Moore from their respective personal (in personam) obligations and liabilities as borrower/co-maker/guarantor, on all loans made by Bank to Daverse, Inc." There is also a remark on the release that David E. Moore was released both as the vice president of Daverse and individually. The release was signed on May 15, 2006, by John Benson as the senior vice president of Hills Bank, John Moore as limited guarantor, and David E. Moore as cosignor and guarantor.

David E. Moore and John Moore answered the third-party claim. They denied the allegations and raised two affirmative defenses. First, Cynthia failed to mitigate damages, and second, Cynthia failed to state a claim upon which relief could be granted.

The Moores then filed a motion for summary judgment. They claimed they had satisfied the obligation to Hills Bank and obtained a release from that obligation. The Moores paid $50,000 in consideration for the release.

Cynthia resisted this motion. She claimed that the Hills Bank release should release her because it released the borrower, David E. Moore. In the alternative, she argues that she should have a claim against the primary borrower as long as she is still obligated on the guaranty.

In addition to her resistance to the Moores' motion, Cynthia also filed a motion for summary judgment against Hills Bank. She stated that David E. Moore was the borrower and Hills Bank released him without her knowledge or consent. Thus, she claimed the release

discharged her obligation as guarantor because Hills Bank released the borrower without her consent.

Hills Bank not only resisted Cynthia's motion, but also filed a cross-motion for summary judgment. In its resistance, Hills Bank alleged the release of David E. Moore did not release Cynthia's guaranty. It further alleged that she was in default of her guaranty agreement and asked for a judgment for that default. The bank limited its claim to $30,000 plus pro-rata interest and collection costs.

Cynthia resisted Hills Bank's cross-motion claiming the original note she guaranteed was paid and that if she unwittingly guaranteed another note, it was due to a misrepresentation by the bank. She also contended her obligation on the later note was discharged due to the increased risk. Lastly, she alleged Hills Bank failed to reasonably collect what it could from the collateral seized.

The district court granted Hills Bank's cross-motion for summary judgment finding there was not a genuine issue of material fact as to whether Cynthia guaranteed the February 7, 2002, loan, and the bank was not required to show it liquidated the collateral in a reasonable manner. The district court denied Cynthia's motion for summary judgment finding the release of David E. Moore did not release her.

As to Cynthia's cross-claim against the Moores, the court found that no common liability existed between Cynthia and the Moores after the Moores settled their claim with the bank. The court found without common liability, contribution could not occur, so the court granted the Moores' motion for summary judgment. Instead of entering judgment, the court instructed Hills Bank to submit a proposed decree for the court to sign.

Cynthia filed a motion to reconsider. In this motion, Cynthia argued the court must hold a trial regarding the collateral and proceeds the bank obtained from the debtors to determine how much she actually owed Hills Bank. The court denied the motion to reconsider. It entered judgment against Cynthia for the following items of damage: (1) $30,000 for the principal; (2) $10,385.16 for accrued interest to January 30, 2007; (3) $8,279.65 for attorney fees; and (4) $136.08 for court costs. The total judgment was for $48,800.89 plus interest on the principal from and after January 30, 2007, at the rate of 7.95% per annum. The judgment also dismissed Cynthia's cross-claim against the Moores.

Cynthia appealed, and we transferred this case to the court of appeals. The court of appeals determined the district court's grant of Hills Bank's cross-motion for summary judgment was in error. The court of appeals found there was a genuine issue of material fact regarding whether the November 14, 1996, guaranty was continuing and whether the June 5, 1997, promissory note was an extension of the original November 14, 1996, note. The court of appeals further decided there was a genuine issue of material fact regarding the effect of the February 7, 2002, letter. Additionally, the court of appeals determined that if Cynthia was the guarantor of the debt, she was entitled to a hearing on whether the bank disposed of the collateral in a commercially reasonable manner.

The court of appeals upheld the district court's ruling in favor of the Moores determining Cynthia could not cross-claim for contribution or reimbursement. The court of appeals stated no common liability existed between Cynthia and the Moores due to Hills Bank's release of the Moores.

Hills Bank did not file an application for further review. Cynthia filed an application for further review, which we granted. In her application she claims the court of appeals erred when it decided she did not have a claim of contribution or reimbursement against the Moores and failed to address the issue as to whether the bank's release of David E. Moore releases her under the law as set forth in the Restatement (Third) of Suretyship and Guaranty (1996).

## II. Issues on Further Review.

When we take a case on further review, we have the discretion to review any issue raised on appeal regardless of whether a party expressly asserts such issue in an application for further review. *In re Marriage of Ricklefs*, 726 N.W.2d 359, 361–62 (Iowa 2007). In this further review, we will exercise that discretion and only review whether the court of appeals erred in affirming the district court's decision that Cynthia did not have a claim of contribution or reimbursement against the Moores. Before reaching the merits of the appeal, we will first review the Moores' claim that Cynthia's appeal was untimely as to them.

As to the other issues raised in the briefs, we will let the court of appeals opinion stand as the final decision of this court. *State v. Effler*, 769 N.W.2d 880, 883 (Iowa 2009). Accordingly, we hold genuine issues of material fact exist as to whether Cynthia was the guarantor of the debt. If Cynthia was the guarantor of the debt, she was entitled to a trial on whether the bank disposed of the collateral in a commercially reasonable manner.

We will not decide whether the district court erred in denying Cynthia's motion for summary judgment on the grounds that Hills Bank's release of David E. Moore, as a primary obligor, releases her under the Restatement (Third) of Suretyship and Guaranty section 39.

We refuse to address this issue because Cynthia raised the issue for the first time on appeal in her reply brief.[1]  *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) (stating "an issue cannot be asserted for the first time in a reply brief").

### III.  Scope of Review.

We review an order granting summary judgment for correction of errors at law.  *Kragnes v. City of Des Moines*, 714 N.W.2d 632, 637 (Iowa 2006).  The moving party has the burden of showing the nonexistence of a material fact.  *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008).  The nonmoving party should be afforded every legitimate inference that can be reasonably deduced from the evidence, and if reasonable minds can differ on how the issue should be resolved, a fact question is generated.  *Id.*  Our review "is limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law."  *Id.*

### IV.  Analysis.

Before we can reach the merits of Cynthia's appeal against the Moores, we must first decide if she filed a timely appeal.

**A.  Timeliness of the Appeal.**  The district court entered its ruling on the motions for summary judgment on February 1, 2007.  In that ruling, the court granted Hills Bank's and the Moores' motions for summary judgment.  The ruling instructed Hills Bank to submit a proposed decree consistent with the court's ruling for the court's signature.  On March 7, after ruling on Cynthia's motion to reconsider,

---

[1]Even if the issue was preserved, in division IV.B of this opinion we find a genuine issue of material fact exists as to whether David E. Moore was a primary or secondary obligor.

the court entered a decree giving the Moores a judgment on their motion for summary judgment. Cynthia filed her notice of appeal on March 14.

Our rules require appeals to our court must be taken within, and not after, thirty days from the entry of the order, judgment, or decree being appealed. Iowa R. App. P. 6.101(1)(*b*).[2] A failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal. *Doland v. Boone County*, 376 N.W.2d 870, 876 (Iowa 1985). The Moores contend Cynthia should have filed her notice of appeal thirty days from February 1, 2007, the date of the court's original ruling. Under most situations, they would be correct. *See Flynn v. Lucas County Mem'l Hosp.*, 203 N.W.2d 613, 614–15 (Iowa 1973) (holding a ruling on a motion for summary judgment adjudicating the rights of a party is a final judgment subject to appeal) *superseded by statute on other grounds as recognized in Peterson v. Pittman*, 391 N.W.2d 235, 237 (Iowa 1986). However, a ruling itself is not a final judgment or decision when the ruling specifically provides for subsequent entry of a final order. *In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979); *see also State v. Dudley*, 766 N.W.2d 606, 625 (Iowa 2009) (holding because an initial order contemplated the subsequent entry of a judgment, the initial order was not considered a final adjudication).

In the court's February 1 ruling, the court specifically directed one of the parties to prepare a final decree entering a judgment on its ruling. Had Cynthia appealed from the February 1 ruling, we would not have had subject matter jurisdiction to entertain the appeal. *See McCreary*, 276 N.W.2d at 400 (holding the supreme court was without jurisdiction to hear an appeal from the court's finding of facts, conclusions of law,

---

[2]At the time of this appeal, the substance of Iowa appellate rule 6.101(1)(*b*) was found in rule 6.5(1).

and ruling until the court entered the decree that was contemplated by the finding of facts, conclusions of law, and ruling).  Cynthia filed her notice of appeal within thirty days of March 7, the day the court entered the judgment as contemplated by it in its February 1 ruling.  Thus, we have subject matter jurisdiction to hear this appeal.

**B.**  **Reimbursement between a Principal Obligor and a Secondary Obligor.**  We have stated:

> "Where a guarantor, who has entered into a contract of guaranty at the request of, or with the consent of, the principal obligor, pays or is compelled to pay his principal's debt, the law raises an implied promise, unless there is an express one, on the part of the principal to reimburse the guarantor, and on the payment of the debt the guarantor at once has a right of action against the principal for reimbursement of the amount which he has paid, with interest thereon at the legal rate."

*Halverson v. Lincoln Commodities, Inc.*, 297 N.W.2d 518, 522 (Iowa 1980) (quoting 38 C.J.S. *Guaranty* § 111, at 1298 (now found at 38A C.J.S. *Guaranty* § 125, at 703 (1996))).  The Restatement (Third) of Suretyship and Guaranty is consistent with our language in *Halverson.*  The Restatement also fills in the details as to how a court should handle a reimbursement issue.  For these reasons, we adopt the Restatement's position on reimbursement.

Under the Restatement, when a principal obligor has notice of the secondary obligation, the principal obligor has the duty to reimburse the secondary obligor to the extent the secondary obligor is called upon to perform, or if the secondary obligor settles with the obligee.  Restatement (Third) of Suretyship and Guaranty § 22, at 93–94 (1996).  The obligation to reimburse includes the reasonable costs of performing and incidental expenses.  *Id.* § 23, at 96.

As the court of appeals held, there is a genuine issue of material fact as to whether Cynthia is a secondary obligor in this transaction. There is also a genuine issue of material fact as to David E. Moore's status in this transaction. The notes dated November 14, 1996, June 5, 1997, and February 7, 2002, identified David as a borrower, which may make him a primary obligor. The February 7, 2002, letter agreement identifies David as a guarantor and mortgagor, which may make him a secondary obligor. In his brief, David argues he is a secondary obligor and that Daverse is the primary obligor. If Hills Bank obtains a judgment against Cynthia and the finder of fact determines David is a primary obligor, Cynthia has the right of reimbursement against David under Restatement (Third) of Suretyship and Guaranty section 22.

**C. Contribution between Cosureties.** Generally, one party who satisfies a claim can seek reimbursement through contribution. *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001). This right of contribution is equitable in nature and is used to prevent unjust enrichment. *Id.* If the finder of fact determines David and Cynthia coguaranteed the obligation to Hills Bank, they are cosureties. It would be inequitable to allow one cosurety to pay the entire debt to the obligee, without an agreement requiring such an obligation.

We are unable to find any Iowa case law governing the right of contribution between cosureties. We believe, however, just as the Restatement (Third) of Suretyship and Guaranty was consistent with our law of reimbursement between a principal obligor and a secondary obligor, the Restatement's treatment of contribution between cosureties is consistent with our equitable principles of contribution. Therefore, we approve the Restatement's treatment of contribution between cosureties.

Under the Restatement, each cosurety has the right of contribution against other cosureties. Restatement (Third) of Suretyship and Guaranty § 55, at 236. The Restatement limits the amount of contribution between cosureties by any express or implied agreement between cosureties. *Id.* § 57(1), at 243. If there is no agreement, each cosurety's contributive share is equal to the "aggregate liability of the cosureties to the obligee divided by the number of cosureties." *Id.* A cosurety is also entitled to the reasonable costs of performing, including incidental expenses. *Id.* §§ 23(1), at 96; 55(2), at 236.

There is no factual dispute that John Moore is a secondary obligor in this transaction. If the finder of fact determines Cynthia is a secondary obligor, a genuine issue of material fact exists as to whether she has a right of contribution against John under Restatement (Third) of Suretyship and Guaranty section 55. If the finder of fact determines David E. Moore is a secondary obligor, a genuine issue of material fact exists as to whether Cynthia has a right of contribution against David under Restatement (Third) of Suretyship and Guaranty section 55.

**D. Common Liability.** The Moores claim Cynthia was not entitled to contribution or reimbursement from the Moores because there was no common liability between Cynthia and the Moores. The right to contribution can only occur between persons who are both liable on the same indivisible claim. *Am. Trust & Sav. Bank v. U.S. Fid. & Guar. Co.,* 439 N.W.2d 188, 189 (Iowa 1989). The common liability element is a condition to an allowance of contribution. *Id.* A party may still seek contribution, however, if the liability rests on different theories. *Palmer,* 637 N.W.2d at 152–53. Common liability exists when an injured party has a legal remedy against a party that is seeking contribution and the party from whom contribution is sought. *Id.* at 153.

Both the district court and the court of appeals agreed with the Moores' claim and held there was no common liability between Cynthia and the Moores because after Hills Bank released the Moores, the bank did not have a legal remedy against them. In other words, these courts required common liability to exist at the time Cynthia *filed* her action for contribution against the Moores. We disagree.

Daverse injured Hills Bank when it defaulted on its repayment of the loan. At that time, John Moore was still an unreleased secondary obligor by reason of his coguarantee, and David E. Moore was either a primary obligor that had individually signed the loan or a secondary obligor by reason of his guarantee. Assuming the finder of fact determines Cynthia is a secondary obligor when the default occurred, Hills Bank had a cause of action against both the Moores, as well as Cynthia. Therefore, at the moment when Hills Bank was injured by Daverse's default, common liability existed between Cynthia and the Moores. We have held that an action for contribution exists so long as there is common liability at the time of the *injury* out of which the right to contribution arose. *Estate of Ryan v. Heritage Trails Assocs.*, 745 N.W.2d 724, 730 (Iowa 2008). Accordingly, the lack of common liability at the time the action was filed will not defeat Cynthia's claim for contribution.

### V. Conclusion and Disposition.

We adopt as our decision that part of the court of appeals' decision finding genuine issues of material fact exist as to whether Cynthia was a secondary obligor of the debt. If Cynthia was a secondary obligor, she was entitled to a trial on whether the bank disposed of the collateral in a commercially reasonable manner. On this further review, we find genuine issues of material fact exist concerning Cynthia's

reimbursement/contribution claim against David E. Moore and her contribution claim against John Moore. Accordingly, we affirm in part and vacate in part the decision of the court of appeals and reverse the judgment of the district court. Therefore, we remand this case to the district court for further proceedings.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**