# IN THE COURT OF APPEALS OF IOWA

No. 13-1712
Filed October 29, 2014

IN RE THE MARRIAGE OF JEREMIAH DANIEL ANDERSON
AND TAI REBECCA ANDERSON

Upon the Petition of
**JEREMIAH DANIEL ANDERSON,**
Petitioner-Appellee,

**And Concerning**
**TAI REBECCA ANDERSON,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Michael J. Moon,
Judge.

A mother appeals the district court decision denying her application for
modification of the physical care provision of the parties' dissolution decree.
**AFFIRMED.**

Robb D. Goedicke of Cooper, Goedicke, Reimer & Reese, P.C., West Des
Moines, for appellant.

Daniel J. Tungesvik of Kruse & Dakin, L.L.P., Boone, for appellee.

Considered by Mullins, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A mother appeals the district court decision denying her application for modification of the physical care provision of the parties' dissolution decree. We agree with the district court's determination the mother has not shown a substantial change of circumstances that would justify modification of the physical care provision of the parties' dissolution decree. We deny the father's request for appellate attorney fees. We affirm the decision of the district court.

### I. Background Facts & Proceedings.

Jeremiah Anderson and Tai Anderson were married in 2005. They have three minor children. A dissolution decree was entered on May 7, 2010, granting the parties joint legal custody and placing the children in Jeremiah's physical care. The district court found Tai was "probably one of the most dishonest persons this Court has ever seen testify. She lied about virtually everything. After observing her and hearing the testimony for two days, the Court finds her credibility is virtually nil."[1] The court found Jeremiah had a good work ethic, was more emotionally stable than Tai, and had a strong family support structure. Tai was ordered to pay $413 per month in child support. She was granted visitation on alternating weekends, alternating holidays, and one month during the summer. The dissolution decree was affirmed on appeal. *See In re Marriage of Anderson*, No. 10-1133, 2011 WL 768797 (Iowa Ct. App. Mar. 7, 2011).

---

[1] Tai told Jeremiah she was divorced when they married, but she was not then yet divorced. (Tai was divorced from her previous husband after she married Jeremiah; the parties, however, do not dispute that they were legally married.) For several months Tai stated she had a paid position with the Iowa National Guard, when in fact she was working as a volunteer. She also stated her "job" required her to work some nights and weekends, but this was untrue, and it is unknown where she was during this time.

Before procedendo was issued in the previous appeal on April 8, 2011, Tai filed the present action on April 5, 2011, seeking to modify the physical care provision of the parties' dissolution decree. She claimed the children were not safe in Jeremiah's care, she and Jeremiah could not communicate, and he was alienating the children from her. Jeremiah filed a counterclaim, asking for sole legal custody of the children and asking to have Tai's child support obligation increased.

The modification hearing commenced on July 17, 2013. At the time of the dissolution hearing Tai was living in the home of Perry Miller. She adamantly denied they were in a romantic relationship, stating she was just renting space in his home. On November 26, 2012, however, she married Perry. At the modification she stated she had previously been untruthful about the nature of their relationship. Tai and Perry moved from Ankeny to Ottumwa, Iowa. Tai had been previously employed at a daycare. At the time of the modification hearing, she was employed selling advertising for a local television station. Tai pleaded guilty to a charge of fourth-degree theft arising from a bad check and was placed on probation.

Jeremiah, then and now, is employed by Union Pacific Railroad.[2] He continues to live in Stratford, Iowa. Jeremiah was previously a member of the Iowa National Guard. In the summer of 2010 he was deployed to Afghanistan. He left the children in the care of his parents, but after a court action, the children were placed in Tai's physical care. On Jeremiah's request, the National Guard

---

[2] Although Jeremiah is working for the same employer, he testified at the modification hearing that his job presently involves less travel than before.

permitted him to return to Iowa and resume care of the children. Tai had the children in her care from August to December 2010. Jeremiah left the National Guard in December 2011. There is a confirmed report from March 2010 that Jeremiah physically abused one of the children, but it was not placed on the child abuse registry because it was determined to be "minor, isolated and unlikely to reoccur." The incident took place one or two years previous to the report, when the parties were still married.[3]

The district court issued an order on August 20, 2013. The court found Tai had not met her burden to show a material and substantial change of circumstances since the entry of the decree. The court determined the parties would remain joint legal custodians and the children should remain in Jeremiah's physical care. The court modified Tai's child support obligation, increasing it to $692 per month. The court also modified the parties' visitation schedule to give Tai five weeks of visitation over the course of the summer, rather than one solid month of summer visitation. The court denied Tai's post-trial motion filed pursuant to Iowa Rule of Civil Procedure 1.904(b). Tai now appeals.

## II. Standard of Review.

This action was tried in equity, and our review is de novo. Iowa R. App. P. 6.907. We give weight to the factual findings of the district court, especially

---

[3] The incident was discussed during the dissolution hearing. The report from the Iowa Department of Human Services came out after the dissolution hearing but before the decree was filed. Thus, the underlying facts of the incident were considered by the court at the time of the decree, but not the fact the Department issued a confirmed report. Jeremiah stated he intended to slap one of the children on the mouth to teach him not to use bad language, when the child moved and he accidentally struck the child on the nose, causing a bloody nose. In addition to the one confirmed report, there had been several investigations of Jeremiah by the Department that were determined to be unfounded. Jeremiah claimed Tai was making unsubstantiated allegations against him to the Department.

when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g). This is because the district court has an opportunity to view, firsthand, the demeanor of the parties. *In re Marriage of Walton*, 577 N.W.2d 869, 870 (Iowa Ct. App. 1998).

### III. Modification of Physical Care.

Tai contends the district court should have modified the parties' dissolution decree to grant her physical care of their three children. She asserts there has been a substantial change in circumstances. Tai points out that after the dissolution decree there was a confirmed report Jeremiah physically abused one of the children. She claims there is a lack of communication between Jeremiah and herself. She also claims Jeremiah has been alienating the children from her. Tai contends she would be the better parent to have physical care of the children because she could provide a more structured environment and would do a better job of providing maximum ongoing contact with the other parent.

A court may modify the physical care provision of a dissolution decree "only when there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). A parent seeking to modify physical care has a heavy burden and must show the ability to offer care superior to that of the current custodial parent. *In re Marriage of Brown*, 778 N.W.2d 47, 51 (Iowa Ct. App. 2009). Once custody of children has been fixed, it should be disturbed only for the most cogent reasons. *In re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994).

The district court determined Tai had not shown there was a material and substantial change of circumstances, which is more or less permanent and relates to the children's welfare, since the entry of the dissolution decree. The confirmed report of child abuse against Jeremiah was based on an incident that occurred during the time the parties were married. The facts concerning that incident were extensively litigated during the original dissolution hearing. The only other changes presented by the record are that Tai got married and moved with her new husband. Tai has not shown the parties' communication has deteriorated since the time of the dissolution decree. Furthermore, she has not shown Jeremiah was alienating the children against her. We agree with the district court's conclusion Tai has not shown a material and substantial change of circumstances such that the physical care provision of the parties' dissolution decree should be modified.

In addition, we determine the record does not establish Tai met her burden to show she could minister more effectively to the well-being of the children. The record shows the children have done well in Jeremiah's care. Tai has not shown she could provide better care than the children are currently receiving. We affirm the decision of the district court denying Tai's request to modify the physical care provision of the parties' dissolution decree.

### IV. Grandparent Obstruction.

Tai claims the district court should have addressed the issue of grandparent obstruction. She claims Jeremiah's parents were interfering with her relationship with the children. She also claimed Jeremiah relied too much on his parents to help take care of the children.

As Tai noted, this issue was not addressed by the district court in the modification order. In Tai's rule 1.904(2) motion she alleged the paternal grandmother had disparaged her in front of the children. In ruling on the motion, the court stated:

> Certainly, there were episodes described throughout the course of three days of testimony which demonstrated that [Jeremiah] and his mother had been less than sensitive concerning their comments and actions towards [Tai]. The relationship between [Jeremiah] and [Tai] and between [Jeremiah's] mother and [Tai] following the entry of the decree has been contentious, however, the episodes taken collectively did not rise to the level of a substantial change in circumstances.

Thus, the record shows this issue was addressed by the district court in its ruling on Tai's rule 1.904(2) motion. We concur in the district court's conclusion that the relationship between Tai and the paternal grandparents did not establish a substantial change in circumstances which would support a modification of physical care.

### V. Attorney Fees.

Jeremiah seeks attorney fees for this appeal.[4] An award of attorney fees is not a matter of right, but rests in the court's discretion. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). An award depends upon the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *Id.* The record shows Jeremiah has substantially more income than Tai. For this reason, we deny Jeremiah's request for appellate attorney fees.

---

[4] In her reply brief, Tai asserts she should be awarded appellate attorney fees. We do not address issues raised for the first time in a party's reply brief. *See Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 770 (Iowa 2009).

We affirm the decision of the district court denying Tai's request to modify the physical care provision of the parties' dissolution decree. Costs of this appeal are assessed to Tai.

**AFFIRMED.**