# IN THE COURT OF APPEALS OF IOWA

No. 20-1171
Filed September 22, 2021

**DONALD E. ROSENBAUM and AIMEE L. ROSENBAUM,**
    Plaintiffs-Appellants,

**vs.**

**KERNDT BROTHERS SAVINGS BANK,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

Borrowers appeal the dismissal of their motions to set aside judgments entered in favor of their lender. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, Charles City, for appellants.

H. Raymond Terpstra II of Terpstra & Epping, Cedar Rapids, and Matthew L. Preston and Cara L. Roberts of Brady Preston Gronlund PC, Cedar Rapids, for appellee.

Considered by Tabor, P.J., Greer, J., and Doyle, S.J.*

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**TABOR, Presiding Judge.**

For the second time this year, borrowers Donald and Aimee Rosenbaum appeal a district court order in favor of their lender, Kerndt Brothers Savings Bank. In the first appeal, we affirmed the summary denial of their motion to set aside a sheriff's sale of their property. *Kerndt Brothers Sav. Bank v. Rosenbaum*, No. 20-0509, 2021 WL 377812 (Iowa Ct. App. Feb. 3, 2021). In this second appeal, the Rosenbaums challenge orders entered in August and September 2020 dismissing their June 2020 petition[1] to set aside a "series" of five judgments for the bank on its foreclosure action.[2] The dismissal determined that the Rosenbaums filed their petition to set aside "far outside" the one-year filing requirement of Iowa Rules of Civil Procedure 1.1012 and 1.1013.

The Rosenbaums contest the dismissal on five grounds: (1) the first appeal (pending at the time of the initial briefing) did not preclude their new action to set aside the judgment; (2) their failure to appeal each "independent judgment" did not foreclose an action to set aside the judgment for alleged irregularities; (3) their action to set aside the judgment either by collateral attack or under rule 1.1013 was timely; (4) their action was not barred by res judicata, and (5) the "series" of

---

[1] The bank filed a pre-answer motion to dismiss that same month. In July, the Rosenbaums amended their petition to add a second count. That second count alleged they could mount a "collateral attack" on orders "subsequent to the original judgment of November 16, 2017" because the district court's jurisdiction terminated, rendering those orders void.

[2] The petition acknowledged: "The judgment, which was entered on November 16, 2017, did correctly state the principal balance of $1,320,208.10. . . ." The petition then discussed four later orders: (1) a February 13, 2018 order adding attorney fees; (2) an April 15, 2019 order also adding attorney fees; (3) a May 3, 2019 nunc pro tunc order correcting the interest rate calculation; and (4) a final order on August 27, 2019, eliminating the one-year redemption period.

judgments entered against them can be challenged any time by collateral attack because the court entered them without proper notice and hearing.

Defending the dismissal, the bank offers seven arguments: (1) the Rosenbaums did not comply with rule 1.1013 because they did not file the motion to set aside judgment in the original action; (2) the Rosenbaums violated the rules of appellate procedure by failing to offer into the record any of the five orders they seek to vacate; (3) the Rosenbaums' June 2020 petition was an untimely challenge to any judgment or order entered between November 2017 and May 2019; (4) the Rosenbaums had timely notice of the orders they seek to vacate; (5) vacating the August 2019 order would have no effect because the Rosenbaums waived their right to redemption by staying execution on the judgment; (6) the Rosenbaums are not entitled to equitable relief; and (7) the district court did not grant dismissal based on the appeal pending on the sheriff's sale.

We review the grant of a motion to dismiss for the correction of legal error. *Kingsway Cathedral v. Iowa Dep't Of Transp.*, 711 N.W.2d 6, 7 (Iowa 2006). The district court may dismiss an action if the petitioner cannot show a right of recovery under any conceivable state of facts. *Id.*

Like the district court, we find the Rosembaums missed the jurisdictional deadline in rule 1.1013. *See Carter v. Carter*, 957 N.W.2d 623, 646 (Iowa 2021) (holding district court lacked jurisdiction to hear defendant's second petition for relief because it was not filed within one year of judgment). Rule 1.1012 provides the right to vacate or modify a prior judgment, "[u]pon timely petition and notice under rule 1.1013." To be "timely" under Rule 1.1013(1), a petition "must be filed

and served in the original action within one year after the entry of the judgment or order involved."

Only the final order, eliminating their statutory right to redemption, was within one year from the petition to set aside judgment. But the Rosenbaums do not appear to contest that order separately. Instead, they contend their challenge to the original summary judgment—entered in November 2017—is timely because the one year started from the date of the last order. We disagree with that contention. Typically, the grant of summary judgment is a final order. *Hills Bank & Tr. Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009). And under the plain language of rule 1.1013, the one-year limitations period runs from the entry of each judgment or order sought to be challenged, not from the last in a "series of judgments" as argued by the Rosenbaums. We hold that the Rosenbaums' petition to vacate the summary judgment—filed more than two-and-a-half years later—was untimely.

On the second count of the petition, like the district court, we reject the collateral attack because the orders entered after the summary judgment were not void. The court retained jurisdiction to decide attorney fees and other collateral issues. *See, e.g.*, *Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004).

Because these issues are dispositive, we decline to address the parties' other contentions. And because a more expanded analysis would not augment or clarify existing case law, we affirm by memorandum opinion under Iowa Court Rule 21.26(1)(e).

**AFFIRMED.**